NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Civil No. 04-6433 (AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM & ORDER |
| | : | |
| MICHAEL BOJCUN, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

THOMPSON, U.S.D.J.

I.    Introduction

This matter is before the Court on Plaintiff's Motion for Default Judgment pursuant to

Fed. R. Civ. P. 55(b)(2); Defendant's Motion to Set Aside Entry of Default pursuant to Fed. R.

Civ. P. 55(c); and Ihor Bojcun's Motion to Intervene pursuant to Fed. R. Civ. P. 17(c) and 20.

The Court has decided this motion based upon the submissions of both parties and without oral

argument pursuant to Fed. R. Civ. P. 78.  For the following reasons, the Court denies Plaintiff's

motion for default judgment, grants Defendant's motion to set aside entry of default, and denies

Ihor Bojcun's motion to intervene.

II.    Background

On December 29, 2004, Plaintiff United States of America commenced a civil

denaturalization action pursuant to 8 U.S.C. § 1451(a) against Defendant Michael Bocjun.  In its

complaint, Plaintiff alleged that Defendant assisted the Nazis with persecution during World War

II, and, as a result, Defendant was not lawfully admitted to the United States, and illegally

procured U.S. citizenship.  At Plaintiff's request, default was entered by the Clerk of the Court

on April 26, 2005.

On August 2, 2005, Plaintiff moved for default judgment before this Court pursuant to

Fed. R. Civ. P. 55(b)(2).  On August 23, 2005, Defendant responded with a motion to set aside

entry of default under Fed. R. Civ. P. 55(c).  In addition, Ihor Bojcun, Defendant's son, moved to

intervene as guardian for Defendant under Fed. R. Civ. P. 17(c) and 20.  Mr. Bojcun was

appointed Defendant's guardian when Defendant was adjudicated incompetent by the Superior

Court of New Jersey on December 23, 2004.  In re Michael Bojcun, No. 05-00038 (N.J. Super.

Ct. Ch. Div. Dec. 23, 2004).

III.    Discussion

A.    Default Judgment

Fed. R. Civ. P. 55(b)(2) provides that courts may enter judgment by default "when a party

has failed to plead or otherwise defend in the action."  D.B. v. Bloom, 896 F. Supp. 166, 169-70

(D.N.J. 1995).  If a party is incompetent, courts may enter judgment by default only if the party is

represented by a guardian who has appeared in the action.  Fed. R. Civ. P. 55(b)(2).  "The court

must be satisfied that the non-moving party has received notice of the motion and that the

judgment and remedies applied for are justified by the pleadings and other information of

record."  D.B., 896 F. Supp. at 170 (citation omitted).  Here, this Court may properly consider

granting default judgment as Defendant's guardian, Ihor Bojcun, has appeared in the action, and

Plaintiff certifies that the papers have been properly served.

Courts consider three factors to determine whether default judgment is warranted:  (1)

2

whether the plaintiff will be prejudiced if default is denied; (2) whether the defendant has a

meritorious defense; and (3) whether the default is the result of defendant's culpable conduct.

Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Courts strongly disfavor default

judgment, and prefer adjudication on the merits.    See Farnese v. Bagnasco, 687 F.2d 761, 764

(3d Cir. 1982).

The first factor is unhelpful as Plaintiff has not alleged that it would be prejudiced by the

denial of a default judgment beyond mere delay in its prosecution of the case.  See Feliciano v.

Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982).  As for the second factor, Defendant has

not yet filed an answer and has not alleged any defenses, meritorious or otherwise.  Based on the

preference for decisions on the merits, the Court finds the second factor nugatory.  The third

factor is not determinative either, as Plaintiff has not shown that Defendant's failure to appear

and answer the complaint was willful or in bad faith.  See Farnese, 687 F.2d at 764.

Thus, because of the preference for decisions on the merits rather than for default

judgments, Plaintiff's motion for default judgment will be denied.

B.      Setting Aside Entry of Default

Under Fed. R. Civ. P. 55(c), courts may set aside an entry of default "[f]or good cause

shown." Fed. R. Civ. P. 55(c).  To determine whether there was good cause, courts apply the

same standard as for a motion for default judgment.  See Farnese, 687 F.2d at 763-64.

Defendant has moved to set aside entry of default.  Under the same analysis laid out

above for default judgment, this motion will be granted.  The Court, however, recognizes

Plaintiff's concern about undue delay in the resolution of the case.  To address this concern, the

Court will direct the Defendant to file an Answer to the Complaint within five calendar days after entry of this Order.

        C.        <u>Representation by a Guardian</u>

An incompetent person's guardian has the authority to sue or defend on behalf of the incompetent person under Fed. R. Civ. P. 17(c).  <u>McSparran v. Weist</u>, 402 F.2d 867, 869-70 (3d Cir. 1968).  As Defendant's legal guardian, Ihor Bojcun may "act on behalf of his ward [to] make all appropriate decisions in the course of specific litigation."  <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 805 (9th Cir. 1986).

Because Fed. R. Civ. P. 17(c) already allows Mr. Bojcun to act in the capacity that he seeks in his motion to intervene, the Court need not consider the applicability of Fed. R. Civ. P. 20, or the rule regarding intervention, Fed. R. Civ. P. 24.  The motion to intervene is denied.

IV.    <u>Conclusion</u>

For the reasons stated above, it is on this 23rd day of September 2005,

ORDERED that Plaintiff's Motion for Default Judgment [14] be DENIED; and further

ORDERED that Defendant be compelled to file an Answer to the Complaint within five calendar days; and further

ORDERED that Defendant's Motion to Set Aside Entry of Default [15] be GRANTED; and further

ORDERED that Ihor Bojcun's Motion to Intervene [16] be DENIED.

                    s/ Anne E. Thompson

                    ANNE E. THOMPSON, U.S.D.J.